# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60188
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

SOKHA CHHIM,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 391 739

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sokha Chhim, a native and citizen of Cambodia, petitions this court for review of an order from the Board of Immigration Appeals (BIA) denying his second motion to reopen removal proceedings. The BIA held that the motion to reopen was untimely filed and numerically barred and that Chhim had not shown that he should be excused from the filing requirements due to changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60188

We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  We will not find an abuse of discretion unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id.* at 304 (internal quotation marks and citation omitted).

Chhim concedes that his second motion to reopen was not timely filed, but asserts that his proceedings should be reopened because conditions in Cambodia have worsened for those, like him, who are members of the National United Front for a Neutral, Peaceful, Cooperative, and Independent Cambodia, a political party opposed to the ruling Cambodian People's Party.  He argues that the BIA abused its discretion in determining that the evidence does not reflect a change that would materially alter the outcome of his case.  The materials Chhim submitted with his motion to reopen actually show some improvement in the political conditions that have persisted in Cambodia between the time of Chhim's removal hearing and his current motion to reopen. *See Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005); *In re S–Y–G*, 24 I. & N. Dec. 247, 253 (BIA 2007).  Chhim has not shown an abuse of discretion.

Chhim's petition for review is DENIED.